```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO.10-62479-CIV-ALTONAGA
                            MAGISTRATE JUDGE P. A. WHITE
JOSEPH THOMPSON,         :

    Plaintiff,           :

v.                       :
                                REPORT OF MAGISTRATE
SGT. COLEMAN, et al.,              JUDGE
                         :

    Defendants.          :
```

## I. Introduction

The plaintiff, Joseph Thompson, filed a pro se civil rights suit pursuant to 42 U.S.C. §1983 (DE#1), while confined in the Broward County Jail. He is proceeding in forma pauperis.

This Cause is before the Court upon a screening of the complaint pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                    *   *   *
        (B) the action or appeal –

                    *   *   *

        (i)  is frivolous or malicious;

        (ii) fails to state a claim on which
        relief may be granted; or

        (iii) seeks monetary relief from a
        defendant who is immune from such
        relief.
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the

language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

B. <u>Sufficiency of the Complaint</u>

The plaintiff names Broward County Sheriff Al Lamberti and the Secretary of State "the Governor's Office" as defendants. He alleges that on November 21, 2010, he was re-arrested on a deficient Alabama warrant dated February 5, 2009, which was improperly authenticated. He further alleges that Alabama failed to provide a valid warrant before the deadline to challenge his extradition.  On January 25, 2010, a Broward County Judge explained his rights and informed him that Alabama had 90 days to issue the warrant. He contends he made it very clear that he was not waiving extradition, and therefore his deadline was April 25, 2010. He contends he was re-arrested on the same defective warrant on November 21, 2010. He claims he is not a fugitive and did not flee Alabama, but was extradited to face charges in Broward County, Florida.  The Broward County Corrections website indicates that a disposition was entered in Case No. 10-25397 MM 10A for Joseph Thompson. The Status Description read "Extradition/Defendants".

He seeks monetary damages for false arrest and the days he is being held illegally in the Broward County Jail, and injunctive relief in the form of release from jail.

Telephonic inquiry to the Broward County Jail reveals that the plaintiff was extradited to Alabama on February 8, 2011. Once a fugitive has been brought within custody of demanding state, legality of extradition is no longer proper subject of any legal attack by him, and right to challenge extradition becomes moot. <u>Harden v Pataki</u>, 320 F.3d 1289 (11 Cir. 2003). Further, the plaintiff sought release from the Broward County Jail and since his release, this claim has become moot. <u>Spears v Thigpen</u>, 846 F.2d

4

1327 (11 Cir. 1988).(prisoner's transfer or release moots most claims for injunctive relief).

The plaintiff's claims for damages for the time he allegedly he unlawfully spent in the Broward County Jail is foreclosed by Heck. A claim which challenges pending charges and confinement in a §1983 civil rights suit are foreclosed by the landmark Supreme Court decision in the case of Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny.

In Heck, the Supreme Court held that if a judgment in favor of a state prisoner seeking damages in a §1983 suit would necessarily imply the invalidity of a conviction or sentence, the claim for damages is not cognizable under §1983 and the complaint must be dismissed, because the claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Heck applies to suits filed by pretrial detainees, as well as convicted prisoners. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996). Heck also applies to claims for monetary damages and injunctive relief. Wilkinson v Dotson, 125 S.Ct. 1242 I2005). To successfully state a claim for damages, the plaintiff would have to have his charges dropped or expunged. His claims for monetary damages are therefore barred.

### III. Conclusion

It is therefore recommended as follows:

1. This complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. This case shall be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 17th, day of February, 2011.

UNITED STATES MAGISTRATE JUDGE

cc: Joseph Thompson, Pro Se
501011908
PO Box 9356
Ft. Lauderdale, FL
Last known address of record