UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-62479-CIV-ALTONAGA/White

**JOSEPH THOMPSON**,

    Plaintiff,

vs.

**AL LAMBERTI**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Report of Magistrate Judge ("Report") [ECF No. 7], filed on February 17, 2011. On December 21, 2010, Plaintiff Joseph Thompson ("Thompson"), filed a complaint under 42 U.S.C. § 1983 alleging that he was arrested on a deficient warrant. (*See* Compl. 3 [ECF No. 1]). Pursuant to Administrative Order 2003-19, the case was referred to Magistrate Judge Patrick A. White for a report and recommendation. (*See* [ECF No. 3]). After Judge White issued his Report, Mr. Thompson was provided 14 days to object to that Report. (*See* Report 6). The 14-day period expired on March 7, 2011, and no objections have been filed.

Mr. Thompson was arrested on November 21, 2010 on a "deficient warrant dated February 5th, 2009." (Compl. 3). Mr. Thompson maintains that Alabama "sent" the facially deficient warrant which was "not properly authenticated." (*Id.*). According to Mr. Thompson, Alabama never provided a valid warrant "before the deadline" to do so. (*Id.*). Mr. Thompson then made it "clear" to the Florida state judge that he was not waiving extradition and wanted to "fight the process." (*Id.* at 4). Plaintiff was then "re-arrested on the same extradition proceedings and same defective

Case No. 10-62479-CIV-ALTONAGA/White

warrants on 11-21-10." (*Id.*).

Plaintiff contends he is "not a fugitive because [he] didn't fle[e] from Ala. but was extradited here." (*Id.*). He now seeks to be released "because [he's] not a fugitive, [he] did not fle[e] from state of Alabama but was extradited here from Alabama to face charges in Broward County, Fla." (*Id.*). Mr. Thompson also seeks monetary relief for false arrest, and for "each day [he's] held illegally in the Broward County Jail." (*Id.*).

Judge White recommends Mr. Thompson's Complaint be dismissed for failing to state a claim upon which relief can be granted. (*See* Report 4–6). Judge White inquired with the Broward County Jail and discovered that Mr. Thompson was extradited to Alabama on February 8, 2011. (*See id.* at 4). As a result, the "legality of extradition is no longer [a] proper subject of any legal attack by him, and the right to challenge extradition becomes moot." (*Id*. (citing *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003)). The court in *Harden* stated that "[i]n the case of extradition, '[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him.'" *Harden*, 320 F.3d at 1299 (quoting *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978)). Because Mr. Thompson is seeking release from the Broward County Jail, and he is presently neither located in Florida nor held in the Broward County Jail, Judge White recommends that the case be dismissed as moot. (*See* Report 4–5). The undersigned agrees.

Additionally, Judge White concludes that Mr. Thompson's claim for damages is foreclosed by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. (*See id.* at 5). "In *Heck v. Humphrey*, the Supreme Court held that a plaintiff who seeks to recover

Case No. 10-62479-CIV-ALTONAGA/White

damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Heck*, 512 U.S. at 486–87). "*Heck* applies to suits filed by pretrial detainees." *Garland v. Galindez*, No. 08-61289-CIV, 2008 WL 4845031, at *3 (S.D. Fla. Nov. 7, 2008) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 700–01 (9th Cir. 1996); *Hamilton*, 74 F.3d at 102–03). To successfully state a claim for damages, Mr. Thompson "would have to have his charges dropped or expunged." (Report 5). Judge White therefore recommends that Mr. Thompson's claims for monetary damages be deemed barred. Again, the undersigned agrees.

Finally, Mr. Thompson has failed to advise the Court of his present address. As Judge White discovered, Mr. Thompson is no longer in Florida; he was extradited to Alabama. Nonetheless, Mr. Thompson's address is still listed as at the Broward County Main Jail (*see* Docket), and there are no docket entries indicating Mr. Thompson attempted to inform the Court of his new address. Judge White previously issued an Order of Instructions to *Pro Se* Civil Rights Litigants [ECF No. 6] that explained to Mr. Thompson his responsibility of updating the Court with any changes to his address:

> It is the responsibility of the plaintiff to keep the Court advised of his current address at all times. If the plaintiff's address changes and no change of address is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution. A change of address must be labeled "Notice of Change of Address" and must not include any motions or other information except for the new address and the effective date of the change. The plaintiff must understand that the Court does not know if the plaintiff is transferred or released unless a change of address is filed.

(Jan. 11, 2011 Order 1). Mr. Thompson was extradited over one month ago, yet he has not filed

3

Case No.10-62479-CIV-ALTONAGA/White

a notice of change of address.  Thus, Plaintiff's case is additionally subject to dismissal on this ground.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Report of Magistrate Judge **[ECF No. 7]** is **AFFIRMED AND ADOPTED**.  Mr. Thompson's Complaint **[ECF No. 1]** is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   U.S. Magistrate Judge Patrick A. White

counsel of record

Joseph Thompson, *pro se*
Jail #501011980
Broward County Main Jail
P.O. Box 9356
Fort Lauderdale, FL 33310